E-FILED
Wednesday, 20 May, 2026  12:30:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANDREW D. R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-04134-SLD-RLH |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff Andrew D. R. and Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") Joint Motion to Award Attorney Fees and Expenses, ECF No. 14.  They request that the Court award Andrew $4,393.13 in fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States.  *See* Joint Mot. 1.  For the reasons that follow, the joint motion is GRANTED.

**BACKGROUND**

Andrew filed this suit seeking judicial review of the Commissioner's final decision denying his application for benefits in July 2025.  Compl., ECF No. 1.  The parties jointly moved to reverse the Commissioner's decision and remand the case for further proceedings.  Joint Mot. Remand, ECF No. 11.  The Court granted the motion to remand, *see generally* Jan. 27, 2026 Order, ECF No. 12, and judgment was entered on January 29, 2026, Judgment, ECF No. 13.  The joint motion for fees was filed on March 2, 2026.  *See* Joint Mot. 1.

1

## DISCUSSION

### I.    Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Andrew is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Andrew's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final.  *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended.").  The joint motion was filed before the time to appeal expired, *see* Fed. R. App. P.

4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner moved to remand the case for further proceedings and joins in the request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Andrew is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Andrew's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.

3

28 U.S.C. § 2412(d)(2)(A).  The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience.  An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Andrew's attorney's time sheet.  *See* Time Sheet 2, ECF No. 14-2.  This shows that Andrew's attorney spent 17.75 hours on the case.  *Id*.  The Court finds that all 17.75 hours were appropriately billed.  *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Andrew's attorney asserts that his work should be compensated at the hourly rate of $247.50.  *See* Time Sheet 1.  To justify the requested attorney rate, he points to changes in the consumer price index ("CPI") for the Midwest Region between March 1996, when the $125 per hour rate was set, and November 2025, when the work was completed in this case.  *Id.* at 1–2.  To determine what rate above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).  The CPI for the Midwest region in March 1996 was 151.7 and the CPI in November 2025 was 300.771.  *See Price Index for All Urban Consumers (CPI-U) Midwest*, U.S.

Bureau of Labor Statistics,

https://data.bls.gov/timeseries/CUUR0200SA0?amp%253bdata_tool=XGtable&output_view=da

ta&include_graphs=true (change output to From: 1996, then click "GO") (last visited May 20,

2026).[1]  Accordingly, the CPI had increased by a factor of approximately 1.98.  Using that

factor, an increase in the statutory cap to $247.50 is warranted.  Andrew has provided an

affidavit from Attorney Nathaniel J. Heber which supports that this amount does not exceed

market rate.  Heber Aff. ¶¶ 5–7, ECF No. 14-3.

Based on an hourly rate of $247.50 for 17.75 hours of attorney work, Andrew is entitled

to $4,393.13 in EAJA fees.

## CONCLUSION

Accordingly, the Joint Motion to Award Attorney Fees and Expenses, ECF No. 14, is

GRANTED.  Plaintiff Andrew D. R. is awarded $4,393.13 in EAJA fees.  This amount may be

offset to satisfy any pre-existing debt that Andrew owes to the United States.  *See Astrue v.*

*Ratliff*, 560 U.S. 586, 593 (2010).  Andrew has assigned his right to EAJA fees to his attorney.

*See* Assignment, ECF No. 14-4.  Thus, if Defendant Commissioner of Social Security can verify

that Andrew does not owe a pre-existing debt to the United States subject to offset, the

Commissioner shall direct payment of the award to attorney Joseph Ira Frydman.  *See Mathews-*

*Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*,

777 F.3d 421.  If payment is mailed rather than electronically deposited, the Commissioner will

instruct the U.S. Department of the Treasury that any check be made payable to Andrew and

---

[1] Andrew's attorney indicates that the CPI for November 2025 was 301.579, Time Sheet 2, but that is actually the CPI for September 2025.  However, because he rounds the ratio of 301.579 to 151.7 down to 1.98, *id.*, his request is for the same amount it would have been if he used the correct number.

mailed to attorney Joseph Ira Frydman's address of record: 1700 Reisterstown Road, Suite 202, Baltimore, Maryland 21208.

Entered this 20th day of May, 2026.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE
